DANIELS, Justice (specially concurring). {46} I concur in the Opinion of the Court, but I also am troubled by concerns of both our double jeopardy and our stare decisis jurisprudence. {47} Defendant shot into a motor vehicle and killed someone. He has been punished cumulatively for the first-degree murder of the person he killed and for the second-degree felony of causing great bodily harm (the death of the same person) by shooting into a motor vehicle. If the resulting double jeopardy issue were a matter of first impression for this Court, I would have no hesitation in concluding that the Legislature did not intend to punish a person cumulatively for both crimes, simply because a bullet penetrated a motor vehicle before killing its intended victim. This is particularly so where the offense of shooting into a motor vehicle has been statutorily enhanced from a fourth-degree to a second-degree felony by the additional essential element that the shooting resulted in great bodily harm. {48} However, this is not a matter of first impression. It was squarely decided by this Court in State v. Gonzales, 113 N.M. 221, 824 P.2d 1023 (1992), and reaffirmed more recently, albeit by a divided Court, in State v. Dominguez, 2005-NMSC-001, 137 N.M. 1, 106 P.3d 563. If the only things that have changed since the decisions in Gonzales and Dominguez are the identities of the human beings occupying the seats on this Court, legitimate concerns of stare decisis come into sharp focus. If we are guided by the rule of law and not by personalities, a mere change in composition of the Court should not be the cause of changes in the meaning of rules of law, including particularly the definitive interpretation of legislative enactments. {49} Stare decisis is not the only jurisprudential concern, however, that should be taken into account in rethinking older holdings that seem inappropriate at a later time. There are other considerations that quite legitimately cause us to reevaluate and occasionally change prior holdings, as summarized in Paragraph 34 of our majority Opinion. But those considerations have not been developed in this case. At this time, I am not persuaded that a case has been made to us for overruling our precedents, and I therefore concur in the result reached in Justice Serna’s Opinion.